1

2

3                          UNITED STATES DISTRICT COURT

4                          EASTERN DISTRICT OF CALIFORNIA

5

   JESSE T. MOTEN,                        )        1:05-cv-01635-OWW-TAG HC
6                                         )
            Petitioner,                   )        REPORT AND RECOMMENDATION TO
7                                         )        DISMISS PETITION FOR WRIT OF
       v.                                 )        HABEAS CORPUS (Doc. 1)
8                                         )
   JEANNE WOODFORD,                       )        ORDER   DENYING   PETITIONER'S
9                                         )        MOTION TO COMPEL DISCOVERY
            Respondent.                   )        FROM A NON-PARTY WITNESS (Doc. 10)
10  _____)
                                                   ORDER   DENYING   PETITIONER'S
11                                                 MOTION FOR U.S. MARSHAL TO
                                                   EFFECT SERVICE ON RESPONDENT
12                                                 WOODFORD (Doc. 11)

13                                                 ORDER DIRECTING CLERK OF COURT
                                                   TO SEND PETITIONER A FORM FOR
14                                                 FILING CIVIL RIGHTS ACTION
                                                   PURSUANT TO 42 U.S.C. § 1983
15

16        Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to

17  28 U.S.C. § 2254.

18                              **PROCEDURAL HISTORY**

19        Petitioner, serving a 23-year-to-life sentence for a 1987 conviction for second degree murder,

20  filed his petition on August 1, 2005.  (Doc. 1).  Petitioner raises two issues in the petition itself:

21  (1) failure of the prison classification committee to "properly address issues, 'mitigating' factors of

22  documentation in [Petitioner's] favor, making 'pre-determined' assessments (i.e., false reports and

23  false disciplinary write up's [sic])," which denied Petitioner his due process and equal protection

24  rights; and (2) retaliation by prison employees that subjected Petitioner to threats, discrimination,

25  and harassment.  (Doc. 1, pp. 3-4).

26        Attached to the petition is Petitioner's memorandum of points and authorities in support of

27  request for preliminary injunction, that appears to set out in greater detail the issues raised in the

28                                            1

1   petition.  Specifically, Petitioner contends: (1) prison staff has engaged in a "vendetta" against him in

2   his capacity as chairman of the men's advisory council, a committee designated by the warden to act

3   as a liaison between inmates and staff and to express general prison population concerns; (2) the

4   classification committee engaged in misconduct, including use of false documents and reports, and

5   disregard for "mitigating" documentary and "actual" facts, resulting in an increase in Petitioner's

6   custody level; and (3) prison staff misconduct in conducting illegal cell searches, discriminatory

7   lock-downs of African-Americans, denial of law library access, and removal of prisoners to higher

8   security cells.  (Doc. 1, pp. 7-18).  Petitioner seeks a preliminary injunction prohibiting such actions

9   in the future and damages in the amount of $43,000.  (Id. at p. 18).

10       On January 31, 2006, Petitioner filed a motion to compel (Doc. 10), seeking an order from

11  this Court to compel a list of non-parties to appear in court and provide various documents Petitioner

12  listed in the motion, including, e.g., "the design criteria and specification of the ventilation system

13  for plaintiff's housing unit at Corcoran State Prison," "the results of any relative humidity and

14  ambient temperature measurements recorded in any housing unit at Corcoran," and various reports

15  and files relating to Petitioner maintained by the prison staff.  (Doc. 10, p. 5).  Petitioner bases his

16  motion on Fed.R.Civ.P. 26(b)(1), the general rule governing discovery in civil cases.

17       Also on January 31, 2006, Petitioner filed a motion for an order directing the U.S. Marshall

18  to effect service on Respondent Woodford of the aforementioned habeas petition and attached

19  motion for preliminary injunction.  (Doc. 11).

20                                          **DISCUSSION**

21       A.  The Petition Should Be Dismissed As Outside The Court's Habeas Jurisdiction.

22       A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

23  that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus

24  petition is the correct method for a prisoner to challenge the "legality or duration" of his

25  confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411

26  U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254

27  Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a

28                                               2

1   prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-

2   142 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1

3   of the Rules Governing Section 2254 Cases.

4          In his petition, Petitioner contends that state prison personnel conducted a "vendetta" of

5   harassment against him, discriminated against African-Americans, and committed various other civil

6   rights violations while acting under color of state law.   Such allegations challenge the conditions,

7   not the fact, of Petitioner's confinement.  Therefore, they are claims properly brought under

8   42 U.S.C. § 1983, not under 18 U.S.C. § 2254.  McCarthy, 500 U.S. at 141-142.

9          Petitioner apparently recognizes this distinction because in his motion to compel he refers to

10  this case as a "civil rights action pursuant to 42 U.S.C. sec. 1983." (Doc. 10, p. 1).  Also,

11  Petitioner's reliance upon Fed.R.Civ.P. 26(b) to obtain discovery to support his claims further

12  indicates that Petitioner intends to proceed on a civil rights action, not a habeas petition.

13         Accordingly, the Court will recommend that the petition be DISMISSED.  The Court will

14  DIRECT the Clerk of the Court to send Petitioner a complaint form for filing a civil rights action.

15         B.  Petitioner's Motion To Compel Discovery Must Be Denied.

16         Petitioner's motion to compel discovery must be denied for several reasons.  First, Petitioner

17  relies upon Fed.R.Civ.P. 26, the general discovery rule for civil cases, as a basis for requesting that

18  various named individuals produce certain documents and information.  However, Rule 6(a) of the

19  Rules Governing Section 2254 Cases provides that "a judge may, for good cause, authorize a party to

20  conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

21  Subsection (b) provides that "a party requesting discovery must provide reasons for the request."

22  Rule 6(b) of the Rules Governing Section 2254 Cases.  Thus, Rule 6 of the Rules Governing Section

23  2254 Cases makes application of the discovery rules contained in the Federal Rules of Civil

24  Procedure discretionary with the Court upon a showing of good cause.

25         Here, because Petitioner is in essence raising civil rights claims that should have been

26  brought in an action under 42 U.S.C. § 1983, rather than as a federal habeas case under 28 U.S.C.

27  § 2254, and because the Court's jurisdiction in this case extends only to habeas proceedings, good

28                                          3

1  cause has not been established to permit discovery under the Federal Rules of Civil Procedure.

2  Accordingly, the Court DENIES Petitioner's motion to compel.

3        As an additional ground for denying this motion, the Court concludes that, in light of its

4  recommendation to dismiss the petition as outside the Court's habeas jurisdiction, the motion to

5  compel must also be DENIED as MOOT.

6        C.   Motion For U.S. Marshal To Effect Service On Respondent Woodford.

7        Pursuant to Local Rules, the Clerk is directed to serve copies of the Court's written orders on

8  all counsel who have appeared in the action.  See L.R.5-137(f).  In the normal course of screening

9  habeas corpus petitions, the Court may issue an order for Respondent to file an answer or other

10 responsive pleading.  When and if the Court issues such an order, the Clerk of the Court, pursuant to

11 the applicable local rule, will serve copies of the Court's order on any named Respondents.

12 However, because such orders have yet to be issued in this case, Petitioner's motion for U.S.

13 Marshal to effect service on Respondent Woodford is premature and must be DENIED.

14       More importantly, because of the Court's recommendation that the habeas petition itself must

15 be dismissed, serving any Respondent in this action is both unnecessary and pointless.  Accordingly,

16 Petitioner's motion for U.S. Marshal to effect service on Respondent Woodford is DENIED.

17                                    **ORDER**

18       Accordingly, it is HEREBY ORDERED that:

19       1.  Petitioner's Motion to Compel (Doc. 10), is DENIED;

20       2.  Petitioner's Motion For U.S. Marshal to Effect Service on Respondent Woodford (Doc.

21       11), is DENIED; and,

22       3.  The Clerk of the Court is DIRECTED to send Petitioner a form for filing a civil rights

23       action pursuant to 42 U.S.C. § 1983.

24                              **RECOMMENDATION**

25       For the reasons set forth above, the Court RECOMMENDS that the Petition for Writ of

26 Habeas Corpus (Doc. 1), be DISMISSED.

27 ///

28                                       4

1    This Report and Recommendation is submitted to the United States District Court Judge

2  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

3  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

4  thirty (30) days after being served with a copy of this Report and Recommendation, any party may

5  file written objections with the Court and serve a copy on all parties.  Such a document should be

6  captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the

7  Objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after

8  service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to

9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

10  time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

11  (9th Cir. 1991).

12

13  IT IS SO ORDERED.

14  Dated:   **September 11, 2006**                              **/s/ Theresa A. Goldner**
     **j6eb3d**                                                UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            5